F. S. ROYSTER GUANO COMPANY v. J. R. MANNING.

(Filed 17 March, 1926.)

**1. Pleadings—Issues—Judgment—Appeal and Error.**

Where the defendant in an action upon a note admits its execution, but alleges that at the time, without reading the instrument, he understood it was payable to another whom he owed for fertilizer in a transaction with such other person: *Held,* the issues as to whether the third person, not a party to the action, was acting as agent for the plaintiff, is not presented in the absence of allegation in the answer to that effect, and a judgment in defendant's favor thereon, is reversible error.

**2. Appeal and Error—New Trials—Pleadings—Amendments—Issues.**

After a motion to amend pleadings made for the first time in the Supreme Court on appeal has been refused, a motion to this effect, addressed to the discretion of the trial judge is allowable so as to present issues relevant thereto.

APPEAL by plaintiff from *Bond, J.,* at December Term, 1925, of CRAVEN. New trial.

Action upon note for $504.81, dated 12 February, 1921, due on 1 November, after date, payable to the order of plaintiff and executed by defendant. In defense of said action, defendant alleges:

"4. That during the early spring of 1920, this defendant and his tenants purchased from M. O. Blount various shipments of fertilizers, merchandise, and farming implements to the amount of $4,700.

"5. That during the latter part of the year 1920, and the early part of the year 1921, this defendant alleges that he paid said M. O. Blount in cash about $4,200 and gave a note for $504.81 for the balance, which he thought was given to Blount, and did not know until the said note was presented to him that it had been made to F. S. Royster Guano Company.

"6. That he did not purchase any goods or fertilizers from the F. S. Royster Guano Company, and had no dealings of any kind with them and does not owe them anything.

"7. That the said F. S. Royster Guano Company is not the proper party to maintain the action; not the real party in interest.

"8. For a further defense and by way of counterclaim, and set off, this defendant alleges: That during the early part of 1921, he let the said M. O. Blount store eight bales of cotton for him in Norfolk, out of which the said note was to be paid, and instructed him to sell the said cotton when the price reached twenty cents per pound.

"9. That the said Blount, in violation of said instructions, sold said cotton, as this defendant is informed, for nine and five-eighths cents per pound.

"10. That during the month of September, 1921, cotton advanced to 20.5 cents per pound, and at the time said cotton was stored it was selling for 18 cents per pound.

"11. The cotton was sold without the knowledge and consent of the defendant and no credit was placed on the note for the amount the said cotton was sold for.

"Wherefore, defendant prays the court that M. O. Blount be made a party to this action; that said note be delivered up and canceled, and that he recover judgment against the said M. O. Blount for the sum of $415, the difference between what the cotton should have sold for at twenty cents per pound, and the note set out in the complaint."

The issues submitted to the jury, with answers thereto, were as follows:

1. Did defendant, Manning, execute and deliver to plaintiff, Royster Guano Company, the note sued on in the complaint? Answer: Yes.

2. Was it agreed between defendant, Manning, and M. O. Blount that the proceeds from the sale of cotton should be applied on the said note due Royster Guano Company? Answer: Yes.

3. What sum was received from sale of cotton? Answer, $387.17.

4. Was it agreed between M. O. Blount and defendant, Manning, that no sale should be made of the cotton for less than twenty cents per pound? Answer: Yes.

5. Was M. O. Blount, in receiving said cotton, acting as agent of plaintiff, Royster Guano Company? Answer: Yes.

From judgment on foregoing verdict, that plaintiff take nothing, and that defendant go without day, plaintiff appealed to the Supreme Court.

*Moore & Dunn for plaintiff.*
*W. B. Rouse and D. L. Ward for defendant.*

CONNOR, J. M. O. Blount has not been made a party to this action, in accordance with the prayer of defendant, J. R. Manning. After the jury was empaneled, plaintiff moved to strike out from the answer and further defense all allegations contained therein as to transaction between defendant and said M. O. Blount. This motion was denied, and plaintiff excepted. Plaintiff also excepted to the issues as submitted to the jury for that same do not arise upon the pleadings. Its 17th assignment of error is based upon this exception.

Defendant does not allege in his answer that M. O. Blount was agent of plaintiff, or that he delivered the eight bales of cotton to Blount as such agent. He admits in his answer that he executed the note set out in the complaint and offered in evidence by plaintiff; he alleges that at the time he signed the note, he did not know that it was payable to F. S. Royster Guano Company; that he was not indebted to Royster Guano Company, but was indebted to M. O. Blount for the amount of the note, as balance due him. He testified as a witness that he delivered the cotton to Blount, about 1 January, 1921, prior to the execution of the note payable to plaintiff, and had the agreement with Blount as alleged at the time of the delivery of the cotton; that Blount thereafter, on the date of the execution of the note told him that he had to get a note for the plaintiff; that defendant then signed the note. Defendant does not allege that he has paid anything on the note to the plaintiff, or to any one for plaintiff. The note is negotiable in form, and plaintiff is the holder thereof; there is no allegation that plaintiff had any notice of the storage of cotton with Blount, or of any agreement with Blount as to the application of the proceeds of the sale of the cotton to the payment of the note.

The matters set up in the answer do not constitute a defense to the action by plaintiff, certainly, without allegation that Blount was agent of plaintiff, with authority to make the agreement, as alleged. Plaintiff's exception to the issues as submitted should have been sustained.

There was error in the submission of issues, determinative of the rights of the parties, which do not arise upon the pleadings. Other assignments of error need not be discussed, for they are based chiefly upon exceptions to evidence or instructions applicable to the fifth issue, involving the question of agency.

When this appeal was called for argument, defendant moved in this Court for leave to amend his answer by striking out paragraphs 6 and 7 thereof, and substituting in lieu thereof the following:

"That when he purchased the fertilizer he thought he was purchasing it from M. O. Blount, but has since learned that M. O. Blount was the agent of F. S. Royster Guano Company and sold said fertilizer to said defendant as such agent; that defendant did not know at the time that the note was payable to F. S. Royster Guano Company, as he did not read it, but has since learned that it was so payable and he now admits the signature to said note in the light of these facts."

This motion is denied. The controversy between the parties to this action should be submitted to a jury upon evidence relevant to issues raised by the pleadings. The motion to amend the pleadings may, of course, be made in the Superior Court before trial of the action without prejudice from the denial of the motion in this Court. It will then be heard and disposed of, as the court may deem just to both parties. There must be a

New trial.